UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FUQUAN SCALES,<br><br>      **Plaintiff,**<br><br>v.<br><br>NEWARK POLICE DEPARTMENT, et al.,<br><br>      **Defendants.** | Civil Action No. 16-413 (SDW)<br><br>OPINION |

**WIGENTON**, District Judge:

      Currently before this Court is the complaint of Plaintiff, Fuquan Scales. (ECF No. 1). As this Court has granted Plaintiff *in forma pauperis* status, this Court is required to screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's complaint for failure to state a claim for which relief may be granted.

**I.  BACKGROUND**

      Plaintiff, Fuquan Scales, is a convicted state prisoner currently incarcerated at Southern State Correctional Facility. (ECF No. 1 at 2-3). Plaintiff seeks to bring suit against the City of Newark, the Newark Police Department, the Essex County Board of Chosen Freeholders, the

Essex County Department of Corrections,[1] and the Star Ledger newspaper. (*Id.* at 3-5). Plaintiff provides only the following facts to support his alleged claims:

> On November 21, 2011[, Plaintiff] was falsely imprisoned/arrested by [the] Newark Police Department. He was detained at Essex County Correctional Facility in lieu of an excessive bail imposed by [the] Essex County Superior Court. While detained, [Plaintiff] was denied proper care and treatment for a severe condition. The Star Ledger newspaper ran a false story about [Plaintiff]. [Plaintiff] was falsely accused and imprisoned for over a year. Subsequently, the charges were dismissed, and [Plaintiff] was acquitted on December 5, 2012.

(*Id.* at 6). The only additional facts Plaintiff has placed in his complaint other than a request for damages is that he wishes to bring suit for "false imprisonment/arrest, unreasonable force, physical/mental suffering, humiliation, [and] loss of good name." (*Id.* at 4).

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which

---

[1] It is not entirely clear whether Plaintiff seeks to name the New Jersey Department of Corrections or the Essex County Department of Corrections based on the current complaint, but since he seems to confine his claims to those based on his time in pre-trial detention in Essex County, it would appear that the Essex County Department is the Defendant he is attempting to name. As the New Jersey Department of Corrections is not a proper Defendant in a § 1983 suit anyway, *see, e.g.*, *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280 (D.N.J. 2013), Plaintiff could not properly name the state department of corrections as a defendant even if that were his actual intention.

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff has been granted *in forma pauperis* status and is a convicted prisoner bringing suit against governmental agencies.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

**B. Analysis**

Plaintiff attempts to raise claims pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights.  "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]").  "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)).  Here, Petitioner attempts to assert claims under § 1983 for false arrest, false imprisonment, and deliberate indifference to his medical needs.  Plaintiff also appears to be attempting to bring a state law libel or false light claim against the Star Ledger.

Plaintiff's complaint, however, presents no facts in support of his claims, and contains only conclusory allegations asserting that Plaintiff was falsely arrested and imprisoned, that an unknown medical condition was not treated, and that a false story was run by the Star Ledger, none of which provides sufficient factual detail to state a claim for relief.  Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, all complaints must contain a "short and plain statement" of a Plaintiff's claims which show that he is entitled to relief.  While this does not require detailed factual allegations, the rule does require sufficient factual assertions to give the defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.  Thus, conclusory allegations of wrongdoing or formulaic recitations of the

elements of a cause of action without further factual support are insufficient to meet the pleading standards set by Rule 8, and a complaint that sets forth no more than such allegations is subject to dismissal for failure to state a claim for relief.  *Id.*; *see also Iqbal*, 556 U.S. at 678.  Here, Plaintiff has provided little to no facts and has presented nothing more than unadorned "the-defendant-unlawfully-harmed-me" allegations as to all Defendants asserting legal claims by name without a factual basis, which is patently insufficient to meet the pleading standards set forth in Rule 8.  *Iqbal*, 556 U.S. at 678.  As Plaintiff has failed to meet the pleading standards set by Rule 8, his entire complaint will be dismissed without prejudice for failure to state a claim for which relief may be granted.  Because this Court is dismissing the complaint at the *sua sponte* screening stage, however, this Court will grant Plaintiff leave to file an amended complaint within thirty days.[3]

---

[3] Should Plaintiff decide to file an amended complaint in this matter, this Court notes that several of the Defendants Plaintiff has named here are not proper defendants under § 1983.  *See Rivera v. Zwiegle*, No. 13-3024, 2014 WL 6991954, at *3 (D.N.J. Dec. 9, 2014) (city police department not a proper defendant separate and apart from the city itself); *Medina v. Cumberland Cnty.*, No. 11-905, 2011 WL 1750738, at *2 (D.N.J. May 3, 2011) (county department of corrections not a separate entity from the County itself and therefore not a proper defendant under § 1983);  *see also Groman v. Twp. of Manalapan*, 47 F.3d 628, 638-39 (3d Cir. 1995) (private actors, which would include a private newspaper, not liable under § 1983 unless their action can be fairly attributed to the state such that they can be fairly said to be acting under color of state law).  This Court would also note that, because the actions about which Plaintiff complains took place between November 2011 and December 2012, his claims under § 1983 are most likely time barred.  *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (§ 1983 actions are subject to a two year statute of limitations in New Jersey); *see also Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (section 1983 claims accrue and the statute of limitations begins to run when a plaintiff knows or should have known of the injury upon which his claim is based).  Finally, to the extent that Plaintiff wishes to raise a claim against the Star Ledger arising out of state tort law, such as a libel or false light claim related to the allegation that a false story was run, this Court would be disinclined to extend supplemental jurisdiction over that claim without some other basis for having jurisdiction over the Star Ledger.  *See* 28 U.S.C. § 1367(c)(3).

**III. CONCLUSION**

        For the reasons stated above, this Court will dismiss Plaintiff's complaint without prejudice for failure to state a claim for which relief may be granted, and Plaintiff shall be granted leave to file an amended complaint within thirty days.  An appropriate order follows.


February 11, 2016                                          *s/ Susan D. Wigenton*
                                                                Hon. Susan D. Wigenton,
                                                                United States District Judge