UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FUQUAN SCALES,** | Civil Action No. 16-413 (SDW) |
| **Plaintiff,** | |
| v. | OPINION |
| **NEWARK POLICE DEPARTMENT, et al.,** | |
| **Defendants.** | |

**WIGENTON**, District Judge:

Currently before this Court is the amended complaint of Plaintiff, Fuquan Scales (ECF No. 6) and Plaintiff's motion for leave to file his amended complaint after the time provided by this Court's prior order. (ECF No. 6). Because Plaintiff has shown good cause, this Court will grant Plaintiff's motion for leave to file his amended complaint after the time provided. Because this Court is permitting Plaintiff to file his amended complaint and because Plaintiff has received *in forma pauperis* status, this Court is required to screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's § 1983 claims as time barred and will decline to extend supplemental jurisdiction over Plaintiff's state law tort claims.

**I. BACKGROUND**

Plaintiff, Fuquan Scales, is a convicted state prisoner currently incarcerated at Southern State Correctional Facility. (ECF No. 1 at 2-3). Plaintiff seeks to bring numerous claims, both

1

under 42 U.S.C. § 1983 and various state law tort theories of liability, against numerous Defendants all of which arise out of his arrest and detention on robbery charges in November 2011. Although Plaintiff provides only vague details about exactly what happened, Plaintiff attaches to his proposed amended complaint a motion to dismiss Plaintiff's indictment which was filed by the State in Plaintiff's 2012 criminal matter. (Document 1 attached to ECF No. 6 at 23-24). That document, filed by the Essex County Prosecutor's Office, states as follows:

> After a thorough and complete investigation of the facts in this case, [the prosecutor] respectfully recommends that the charge(s) made against [Plaintiff] be dismissed for the following reasons:
>
> On November 19, 2011, Derrell Busby, notified the police that [Plaintiff] broke into his apartment. According to Busby, he was trying to close the front door when [Plaintiff] stuck his hand in the door to stop it from closing. [Plaintiff] had a gun in his right hand as Busby tried to close the door on his right arm. [Plaintiff] was able to get into the apartment and the two males began to fight. Two bullets were shot from the gun. No one was struck with [either] bullet. Busby called for help and his girlfriend, Shanequa, who saw the two males fighting, came to help her boyfriend. Shanequa began hitting [Plaintiff] in the head with a bat. [Plaintiff's] head cracked open and his blood was found all over the apartment. [Plaintiff] provided the State with [Plaintiff's] medical records proving his skull was cracked open. Busby took the gun away from [Plaintiff] and hid the gun upstairs while [Plaintiff] ran away. When the police arrived Shanequa gave the police the gun.
>
> According to [Plaintiff], this was a case of a drug deal gone wrong.
>
> It should be noted, Derrell Busby has 3 prior arrests and 1 prior conviction from 2008. His conviction was for third degree terroristic threats and [he] received 364 days [in] Essex County Jail as a condition of probation.
>
> As of December 4, 2012, Detective Paul Sarabando has been unable to find the victim, Derrell Busby, or the female, Shanequa. On several attempts, Det[ective] Sarabando has called, went to the victim's home and left his contact information and

>subpoena in the door.  To this day, Det[ective] Sarabando has had no response.
>
>[Plaintiff], as an adult, has two felony convictions from Union County which were sentenced on the same date.  The offenses were both for distributing CDS 3rd Degree [for which Plaintiff] received two years['] probation.
>
>The State recommends dismissal of [this] matter[.]

(*Id.*).  Plaintiff's criminal matter was thus dismissed on December 5, 2012, because the state was unable to locate either of the witnesses.  (*Id.* at 22).

## II.  DISCUSSION

### A.  Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff has been granted *in forma pauperis* status and is a convicted prisoner bringing suit against governmental agencies.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007)).  To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

Plaintiff attempts to raise claims pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights.  "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law."  *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]").  "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)). Putting aside Plaintiff's multiple state law claims, Plaintiff attempts in his amended complaint to raise the following federal claims brought pursuant to § 1983: claims for false arrest, excessive force, malicious abuse of process, and malicious prosecution against the police officers who arrested him and a claim for deliberate indifference to medical needs against the Warden of the Essex County Correctional Facility. All of these claims arise out of Plaintiff's 2011 arrest.

As this Court indicated to Plaintiff in its prior opinion, even if Plaintiff's amended complaint contained sufficient factual details to state a claim for relief,[2] Plaintiff's § 1983 claims are clearly time barred. Actions brought pursuant to § 1983 brought in New Jersey are subject to a two year statute of limitations. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). A § 1983 claim generally accrues and its statute of limitations begins to run when a plaintiff knows or should have known of the injury upon which his claim is based. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Certain § 1983 claims, however, have more specific rules for accrual. Claims for false arrest and false imprisonment, for example, accrue on the date on which the plaintiff becomes detained pursuant to legal process, such as through arraignment or a bail hearing. *See Wallace v. Kato*, 549 U.S. 384, 389-90, 397 (2007). Claims which require Plaintiff show favorable termination, such as malicious prosecution or malicious abuse of process, however, instead accrue on the date when the underlying prosecution or suit ends in the plaintiff's favor, such as by dismissal of all charges. *See generally*, *Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014); *see also Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994).

---

[2] A determination this Court need not, and does not make.

In Plaintiff's case, he was arrested in November 2011, and his case was ultimately dismissed in his favor on December 5, 2012. Thus it is clear that his false arrest, false imprisonment, malicious prosecution, and malicious abuse of process claims against the State Defendants had all accrued as of that date. *Wallace*, 549 U.S. at 389-90; *Halsey*, 750 F.3d at 296-97. Likewise, as Plaintiff clearly knew of his injuries and the Essex County Correctional Facility's alleged failure to treat those injuries prior to his release therefrom in December 2012, his claim for deliberate indifference to medical needs had also certainly accrued by that time. *See Kach*, 589 F.3d at 634. Likewise, as Plaintiff knew of his injuries stemming from the alleged excessive force used in his arrest at the time they were inflicted, that claim, too, had certainly accrued prior to December 2012. Even giving Plaintiff the benefit of the date on which he apparently placed his now dismissed original complaint into the prison mail box,[3] January 9, 2016, more than three years had passed between the accrual of all of his claims and his first attempt to bring those claims in this Court. (*See* ECF No. 1 at 7). As such, Plaintiff filed his claims well beyond the two year statute of limitations for a § 1983 action in New Jersey, and as such his claims would be time barred absent some form of equitable tolling. *Patyrak*, 511 F. App'x at 195.

"Federal courts may toll statutes of limitations for federal laws where the plaintiff in some extraordinary way has been prevented from asserting his or her rights." *Frasier-Kane v. City of Philadelphia*, 517 F. App'x 104, 106 (3d Cir. 2013) (quoting *Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000). Equitable tolling, however, is an extraordinary remedy which should

---

[3] Because that original complaint was dismissed without prejudice, Plaintiff is technically treated as filing this matter on March 13, 2016, the date on which he filed his proposed amended complaint. *See Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005) (a "statute of limitations is not tolled by the filing of a complaint subsequently dismissed without prejudice, as the original complaint is treated as if it never existed").

only be granted sparingly. *Id.*; *see also Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009). Generally, equitable tolling should only be granted in one of three sets of circumstances: "(1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum." *Fraiser-Kane*, 517 F. App'x at 106; *Lake*, 232 F.3d at 370 n. 9. Neither a mental disability shy of incompetence nor being under restraints which do not totally retard an individual's ability to file his case are in and of themselves sufficient to warrant equitable tolling. *Kach*, 589 F.3d at 644.

Plaintiff argues that the statute of limitations should be tolled in his case because he was briefly in a coma due to his head injuries at some unknown time, that his children were later born in 2012 prior to his release from jail and while he was recovering from his injuries, that his house burned down in December 2012, that he became homeless in October 2014, and that he was incarcerated between September 2013 and February 2014, as well as from September 2014 through today. (Document 1 attached to ECF No. 6 at 12-13). Although these facts are unfortunate, none of them qualify as the sort of extraordinary circumstance sufficient to warrant equitable tolling under federal law. *Kach*, 589 F.3d at 644. Indeed, Plaintiff's coma and the birth of his children occurred *before* the accrual of some of his claims, and would not be available to toll those claims at any rate. While Plaintiff's homelessness and incarceration may have made it more difficult to file his claims, those facts did not bar him from doing so nor prevent him from discovering his injuries, which would already have been known to him before they occurred. As such, Plaintiff has failed to present facts sufficient to warrant equitable tolling under Federal or equivalent State law. *Id.*; *see also Freeman v. State*, 788 A.2d 867, 879-80

(N.J. App. Div. 2002) (discussing equivalent equitable tolling rule in New Jersey state court context).

Turning to other forms of tolling available under state law, Plaintiff also argues that he should be permitted to file these claims because the accrual of his claims would have been delayed by New Jersey's discovery rule.[4] New Jersey's discovery rule "provides that 'in an appropriate case a cause of action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered, that he may have a basis for an actionable claim." *Freeman*, 788 A.3d at 878 (quoting *Lopez v. Swyer*, 300 A.2d 563 (N.J. 1973)). To invoke the rule, a plaintiff must show that "they could not, through reasonable diligence and intelligence, have discovered a basis for their claim within the applicable limitations period." *Id.* A claimant's lack of awareness as to the appropriate defendant does not warrant application of the discovery rule so long as the plaintiff knew of the *injury* that he suffered. *Id.* at 879.

Plaintiff argues that the circumstances recounted above somehow prevented him from discovering his injury until, while at Southern State Correctional Facility, he was told that he may have actionable claims. As previously noted, Plaintiff was surely aware of the injuries he suffered (lack of proper medical care, unwarranted imprisonment, and the imposition of improper charges) by the time he was released from jail in December 2012 and had the charges against him dismissed. If, by ignorance or lack of knowledge Plaintiff was not so aware, he certainly *should* have been aware and certainly, through reasonable diligence and the use of reasonable intelligence, could have discovered his injuries at that time. As such, the New Jersey

---

[4] Where they do not conflict with federal law, State law tolling rules may be applied to § 1983 actions. *See Kach*, 589 F.3d at 639.

8

discovery rule is of no benefit to Plaintiff, and his claims remain time barred. *Freeman*, 788 A.3d at 878-80.

Thus, all of Plaintiff's § 1983 claims must be dismissed as time barred. Although Plaintiff has clearly attempted to address the time bar in his amended complaint, because Plaintiff is pro se and out of an abundance of caution this Court will dismiss the complaint *without* prejudice and permit Plaintiff to present any arguments he may have as to tolling not already presented in an amended complaint filed within thirty days. Finally, because this Court is dismissing all of Plaintiff's § 1983 claims as time barred, and because Plaintiff presents no other federal claims, this Court has dismissed all claims over which it has original jurisdiction. As such, this Court will decline to extend supplemental jurisdiction over Plaintiff's remaining state law claims, and Plaintiff's amended complaint will be dismissed in its entirety. *See* 28 U.S.C. § 1367(c)(3).

**III. CONCLUSION**

For the reasons stated above, this Court will grant Plaintiff's motion for leave to file his amended complaint after the time provided in this Court's prior order (ECF No. 6), will dismiss Plaintiff's amended complaint without prejudice as time barred, and Plaintiff shall be granted leave to file an amended complaint containing any tolling arguments he may have that he has not yet presented within thirty days. An appropriate order follows.

April 12, 2016

   *s/ Susan D. Wigenton*
Hon. Susan D. Wigenton,
United States District Judge