UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FUQUAN SCALES,<br><br>      **Plaintiff,**<br><br>v.<br><br>NEWARK POLICE DEPARTMENT, et al.,<br><br>      **Defendants.** | Civil Action No. 16-413 (SDW)<br><br><br>OPINION |

**WIGENTON**, District Judge:

Currently before this Court is the proposed second amended complaint of Plaintiff, Fuquan Scales (ECF No. 10), which also purports to be a motion brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure challenging this Court's dismissal of Plaintiff's first amended complaint without prejudice. (*See* ECF No. 7-8). Because Plaintiff has filed a second amended complaint as permitted by this Court's prior order (ECF No. 8), this Court is required to screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will once again dismiss Plaintiff's § 1983 claims as time barred. As Plaintiff has already been provided two opportunities to present any arguments he may have for the tolling of the statute of limitations, this Court will dismiss his § 1983 claims with prejudice.

**I. BACKGROUND**

As this Court has recounted the facts alleged in Plaintiff's complaints in its two prior opinions (ECF No. 4, 7), and because Plaintiff alleges no new facts in his proposed second

1

amended complaint, this Court will incorporate its prior summaries and provide here only a brief recitation of the procedural posture of this matter.  On or about January 19, 2016, Plaintiff filed a complaint raising various state law claims and federal claims under 42 U.S.C. § 1983 alleging that his rights had been violated in various ways by his arrest and detention in 2011 and 2012. (ECF No. 1).  On February 11, 2016, this Court entered an order and opinion screening the complaint and dismissing it for failure to state a claim for relief as Plaintiff had provided no more than conclusory allegations of the alleged wrongs.  (ECF No. 4 at 4-6).  Although this Court dismissed the matter without prejudice and permitted Plaintiff to file an amended complaint addressing these deficiencies, that prior opinion also directly noted that Plaintiff's claims were most likely time barred, and that if Plaintiff chose to file an amended complaint he should address that issue.  (ECF No. 4 at 5 n. 3).

On March 22, 2016, Plaintiff filed a proposed amended complaint in which he attempted to re-allege many of the same claims and in which he attempted to argue that extraordinary circumstances warranted the tolling of the statute of limitations.  (ECF No. 6).  On April 12, 2016, this Court entered an order and opinion screening this first amended complaint, concluding that to the extent Plaintiff had stated claims for false arrest, false imprisonment, malicious prosecution, malicious abuse of process, and deliberate indifference to medical needs, those claims were clearly time barred, and Plaintiff had failed to provide any basis for tolling of the statute of limitations pursuant to federal or state law.  (ECF no. 7 at 4-9; ECF No. 8).  Although Plaintiff had already been given an opportunity to address the time bar and tolling issues, this Court dismissed the first amended complaint without prejudice to the filing of a second amended complaint addressing the time bar issues within thirty days.  (ECF No. 8).

On May 17, 2016, Plaintiff filed a document he titled an amended complaint. (ECF No. 10). Although Plaintiff calls this document an amended complaint, he also argues within the document that he should be permitted to reopen his case under Rule 60(b) of the Federal Rules of Civil Procedure. (*Id.*). Plaintiff pleads no new facts in his proposed second amended complaint, but instead merely asserts that this Court should allow him to proceed regardless of the time bar or that he should be permitted to proceed as if he had filed a petitioner for a writ of error *coram nobis*. (*Id.*).

## II.  DISCUSSION

### A.  Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff has been granted *in forma pauperis* status and is a convicted prisoner bringing suit against governmental agencies.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

3

(2007)).  To survive *sua sponte* screening for failure to state a claim[1], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

As this Court thoroughly explained to Plaintiff in its prior opinion (ECF No. 7 at 4-9), all of the federal claims Plaintiff seeks to raise had accrued, at the latest, in December of 2012, and all of those claims were subject to the two year statute of limitations which applies to § 1983 claims brought in this District.  *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); *see also Wallace v. Kato*, 549 U.S. 384, 389-90, 397 (2007); *Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994); *Halsey v. Pfeiffer*, 750 F.3d 273, 296-97 (3d Cir. 2014).  Likewise, as was previously explained, Plaintiff's First amended

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

complaint presented no grounds to toll the statute of limitations under either federal or state law. (ECF No. 7 at 4-9).

In his proposed second amended complaint, Plaintiff asserts that this Court should either permit him to proceed regardless of the time bar, or allow him to proceed as if under petitioner for a writ of error *coram nobis*. In support of his first assertion, that the time bar is unfair and that he should be permitted to proceed regardless, Plaintiff cites only one case, *People v. Germany*, 674 P.2d 345, 353-54 (Colo. 1983). That case, however, was a Colorado Supreme Court case dealing with the question of whether a Colorado statute which presented an absolute bar to collateral attack on a criminal conviction on constitutional grounds comported with the Due Process Clause. *Id.* at 347-48. Specifically, *Germany* dealt with several cases where criminal defendants had been barred under the statute from challenging the use of their prior convictions, which were allegedly constitutionally infirm, to show guilt of a new offense or to enhance the sentence of a subsequent conviction. *Id.* Because the statute created a virtually unconditional time bar to challenging a conviction, even where the statutory basis for the conviction had since been held unconstitutional, the Colorado Supreme Court overturned the statute finding that the statute improperly prevented any showing that the failure to meet the time bar was in some way excusable. *Id.* at 354.

Having reviewed the case, it is clear that *Germany* is completely inapplicable to this case. Not only is the case not binding authority on this Court, it also deals with a completely different and inapposite issue to that presented by Plaintiff's complaints. Whereas Plaintiff's first amended complaint was dismissed because he had failed to show he met one of the exceptions to the two year statute of limitations applicable to *civil* suits brought under § 1983, *Germany* dealt with *criminal* defendants facing a bar to challenging improper convictions which was "virtually .

5

. . unconditional." *Id.* Even putting aside the vastly different concerns and protections at play in a criminal prosecution as opposed to a civil suit for damages, the statute of limitations Plaintiff faces is not an unconditional bar and this Court has provided Plaintiff with two separate opportunities to present facts which show that Plaintiff meets one of the well established exceptions to the § 1983 statute of limitations, such as equitable tolling under federal or state law. As *Germany* deals with an entirely different issue from that which Plaintiff faces, and because Plaintiff has provided no new facts to show that he should be entitled to tolling under either federal or state law, Plaintiff's assertion that he should be permitted to proceed regardless of the time bar is clearly without merit, and Plaintiff's citation to *Germany* in no way changes that fact.

In his second argument, Plaintiff asserts that even if his claims are time barred under § 1983, he should be permitted to raise them in a petition for a writ of error *coram nobis*. A petition for a writ of error *coram nobis* is a mechanism "used to attack convictions with continuing consequences when the petitioner is no longer "in custody" for habeas purposes. *See, e.g, United States v. Baptiste*, 223 F.3d 188, 189 (3d Cir. 2000). It is not a mechanism which can be used to bring civil claims for money damages. Even were Plaintiff attempting to challenge his dismissed state court criminal proceedings rather than trying to bring a civil suit for damages, however, *coram nobis* relief would not be available to him. *Coram nobis* relief "is not available in a federal court as a means of attack on a state criminal judgment." *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003). Thus, even if this Court could reconstrue Plaintiff's civil suit as a petition for a writ of error *coram nobis*, it would not help him as this Court could not entertain such a petition which challenges only state court action. *Id.* Thus, Plaintiff has failed to present

any meritorious basis for the tolling of the statute of limitations in this matter, and Plaintiff's complaint shall be dismissed with prejudice as time barred.

Finally, this Court notes that were the Court to treat Plaintiff's proposed amended complaint as a Rule 60(b) motion challenging this Court's order dismissing his complaint without prejudice as time barred, Plaintiff would fair no better. "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, Civil Action No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015) (quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.3d 1342, 1346 (3d Cir. 1987). A Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). Here, Plaintiff has failed to show that this Court erred in dismissing his complaint, and has presented nothing but meritless assertions in support of the timeliness of his claims. As Plaintiff has failed to show any legal or factual error by this Court, nor shown any extraordinary circumstances which would permit this Court to allow him to proceed despite the time bar, Plaintiff's Rule 60(b) motion would be without merit.

**III. CONCLUSION**

       For the reasons stated above, this Court will dismiss Plaintiff's second amended complaint with prejudice as time barred.[2]  An appropriate order follows.


Dated: June 20, 2016                                     *s/ Susan D. Wigenton*
                                                         Hon. Susan D. Wigenton,
                                                         United States District Judge

---

[2] Nothing in Plaintiff's proposed second amended complaint suggests that Plaintiff wished to reallege his state law claims.  As such, this Court does not construe Plaintiff to have raised those claims in his second amended complaint.  Even if Plaintiff had wished to re-raise those claims, because this Court has dismissed with prejudice all claims over which it had original jurisdiction, this Court would decline to exercise supplemental jurisdiction over those state law claims.  28 U.S.C. § 1367(c)(3).